## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JOHN CHARLES MCCLUSKEY,**

     **Petitioner,**

v.                                                             **No. CV 12-686 LH/LAM**

**CONRAD CANDELARIA, United States**
**Marshal for the District of New Mexico, et al.,**

     **Respondents.**


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

     **THIS MATTER** is before the Court on Petitioner's ***Petition for Writ of Habeas Corpus***

*(Doc. 1)*, filed June 26, 2012.  On August 7, 2012, Respondent Lopez filed an answer to the petition

[*Doc. 13*], and, on August 21, 2012, Petitioner filed a reply in support of his petition [*Doc. 14*].  This

matter is also before the Court on Respondent ***Warden James Lopez's Motion to Dismiss*** **Petition**

**for Writ of Habeas Corpus** ***or, in the Alternative, to Drop Warden James Lopez as a Party***

*(Doc. 17)* and memorandum in support of the motion [*Doc. 18*] (hereinafter, collectively, "motion

to dismiss), both filed November 26, 2012.  Petitioner filed a response to the motion to dismiss on

January 9, 2013 [*Doc. 21*], and Respondent Lopez filed a reply on January 17, 2013 [*Doc. 22*].  On

March 5, 2013, this case was reassigned from United States Magistrate Judge W. Daniel Schneider

---

[1]**Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

to the undersigned as the referral judge.  [*Doc. 25*].  On April 11, 2013, United States District Judge C. LeRoy Hansen referred the claims raised by Petitioner in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.  [*Doc. 26*].  Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Respondent ***Warden James Lopez's Motion to Dismiss* Petition for Writ of Habeas Corpus *or, in the Alternative, to Drop Warden James Lopez as a Party* (*Doc. 17*)** be **GRANTED in part**; Petitioner's ***Petition for Writ of Habeas Corpus (Doc. 1)*** be **DENIED without prejudice**; and that this case be **DISMISSED without prejudice**.

### Background

At the time he filed his petition, Petitioner was being held at the Penitentiary of New Mexico in Santa Fe, New Mexico, in the custody of the United States Marshal, pending trial on his criminal charges.  *See* [*Doc. 204* at 2], filed in Case No. CR-10-2734 JCH.  Petitioner contends that, on January 12, 2012, he "received notice that he was the subject of a disciplinary investigation after correctional guards allegedly found a sharpened eyeglass stem in a room adjacent to [Petitioner's] cell, known as the 'pipe chase.'"  [*Doc. 1* at 2]; *see also* [*Doc. 1-2*].  That same day, Petitioner gave a statement to the disciplinary officer in which he denied possessing the stem, and the allegations were set for a Major Level Hearing.  [*Doc. 1-2* at 1].  Petitioner was placed in administrative segregation pending the disciplinary hearing.  [*Doc. 1* at 4] and [*Doc. 1-5*].  Petitioner states that his requests for evidence and legal assistance at the hearing were denied by prison officials and the hearing officer.  [*Doc. 1* at 4-5]; *see also* [*Doc. 1-4* at 1-2] and [*Doc. 1-6*].  The disciplinary hearing was held on February 7, 2012, and Petitioner was found guilty of the violation.  [*Doc. 1-7*].  The

2

hearing officer recommended that Petitioner be confined in disciplinary segregation for thirty (30) days. *Id.*; *see also* [*Doc. 1-8*].  Petitioner appealed the ruling (*Doc. 1-9*), and the appeal was denied on February 23, 2012 (*Doc. 1-10*).

In his § 2241 petition, Petitioner contends that the disciplinary decision violates his due process rights and is in violation of the New Mexico state penitentiary policies and Federal Based Detention Standards.  [*Doc. 1* at 9].  Specifically, Petitioner contends that his due process rights were violated because: (1) he was not allowed to gather evidence or call witnesses at the hearing, and because he was not allowed to be present when the three officers were questioned or to undergo a polygraph examination (*id.* at 10-14); (2) the hearing officer was not impartial because she refused to ask questions posed by Petitioner, denied Petitioner's requests for evidence, and improperly accepted the testimony of the officers who found the sharpened eyeglass stem (*id.* at 14-16), and the hearing officer failed to follow prison policy and interpreted the policy to disfavor Petitioner (*id.* at 16); (3) the hearing officer's decision was not based on sufficient evidence (*id.* at 16-17); (4) the outcome of the proceeding likely would have been different if the hearing officer had obtained and considered the evidence requested by Petitioner (*id.* at 18); and (5) Petitioner was not allowed legal assistance or representation at the hearing (*id.* at 19-21).  Petitioner contends that, even though he has been released from segregation for the disciplinary decision, the decision continues to have a significant impact on him because the prosecution is relying on it as a non-statutory aggravating factor in seeking the death penalty against Petitioner in his underlying criminal case. *Id.* at 8 (citing *Doc. 275* at 6, filed in Case No. CR-10-2734 JCH).  Petitioner asks the Court to order that the determination of misconduct regarding the eyeglass stem be expunged from Petitioner's prison

3

records, or, if the Court orders a new disciplinary hearing, further order that Petitioner be allowed access to the witnesses and evidence he requested and be allowed adequate representation by his counsel. *Id.* at 21-22.

On June 28, 2012, United States Magistrate Judge W. Daniel Schneider ordered the respondents to file an answer to the petition and for the parties to brief the issue of who the proper respondents are in this proceeding. [*Doc. 7*]. On August 7, 2012, Respondent Lopez filed an answer to the petition stating that Petitioner failed to exhaust his available state court remedies, and that Petitioner has not suffered a violation of a federal constitutional right.   [*Doc. 13* at 2]. Respondent Lopez states that Petitioner has failed to show an injury that is cognizable in a § 2241 proceeding, and asks the Court to deny the petition and dismiss the case with prejudice. *Id.* On August 21, 2012, Petitioner filed a reply in support of his petition, contending that Respondent Lopez failed to support his request for dismissal of the petition, and that Petitioner was not required to exhaust state court remedies prior to filing his § 2241 petition because he is not challenging a state-court sentence. [*Doc. 14* at 2-5]. Petitioner further states that he will defer to the Court whether or not Respondent Lopez is the proper party to the proceeding, even though he believes that he is. Petitioner notes that Respondent Candelaria did not file a response to the Petition but he does not object to the dismissal of Respondent Candelaria from the lawsuit. *Id.* at 6-7.

On November 26, 2012, Respondent Lopez filed his motion to dismiss the Petition. [*Docs. 17* and *18*]. Respondent Lopez contends that the relief sought by Petitioner is not available through habeas corpus proceedings, and that Petitioner's claims are without merit. Specifically, Respondent Lopez contends that a § 2241 petition is available to challenge prison disciplinary

4

proceedings only when those proceedings affect the fact or duration of petitioner's custody, such as a challenge to the revocation of earned, or good-time, credits, but Petitioner here is challenging the procedure of his disciplinary hearing, not the fact or duration of his custody. [*Doc. 18* at 12-16]. Respondent Lopez, therefore, contends that Petitioner's challenge to the procedures employed by the prison should be presented in a civil rights complaint, not a habeas petition. *Id.* at 15-16. Respondent Lopez further contends that Petitioner's claims fail on the merits because the disciplinary hearing did not affect a protected liberty interest. *Id.* at 16-19.  Respondent Lopez states that the possibility that Petitioner's disciplinary conviction could affect whether or not he is eligible for the death penalty is too attenuated to constitute a protected liberty interest that would invoke due process protections. *Id.*  In addition, Respondent Lopez contends that Petitioner's due process rights were not violated because the hearing officer's decision was supported by adequate evidence. *Id.* at 19-21.  Respondent Lopez asks the Court to dismiss Petitioner's petition with prejudice. *Id.* at 25.  In the alternative, Respondent Lopez asks the Court to dismiss him as a party if the Court determines that the petition is properly before it. *Id.* at 21.  Respondent Lopez contends  that the United States Marshal is the proper Respondent, not the warden of the prison where Petitioner is being held, because the United States Marshal is the person with control over Petitioner's custody pursuant to the United States Marshals Service agreement with the New Mexico Corrections Department. *Id.* at 21-25.

        In response to the motion to dismiss, Petitioner states that he "does not oppose dismissal of his petition without prejudice on the grounds that the claims stated in the petition are more properly the subject of a civil rights complaint, as argued by Respondent Lopez." [*Doc. 21* at 1].  Petitioner,

therefore, asks the Court to dismiss his petition without prejudice to allow him to file a civil rights complaint that includes the claims raised in his petition.  *Id.* at 2.  In his reply, Respondent Lopez opposes Petitioner's request to have his § 2241 petition dismissed without prejudice because Respondent Lopez contends that Petitioner's "claims will continue to lack merit even if repackaged in a civil rights complaint."  [*Doc. 22* at 1].  Respondent Lopez, therefore, asks the Court to construe the § 2241 petition as a civil rights complaint, without citation to any authority.  *Id.* at 2.

### *Discussion*

United States district courts have jurisdiction over federal habeas corpus petitions brought by persons alleging that they are in custody in violation of the constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2241(c)(3), and *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  "A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. . . . In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions."  *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (citation omitted); *see also McIntosh v. U.S. Parole Comm'n.*, 115 F.3d 809, 812 (10th Cir. 1997).

Here, Petitioner is not challenging the fact or duration of his confinement, but, instead, challenges the condition of his confinement – specifically, that he was improperly found guilty of violating a prison regulation without due process.  Petitioner's claims, therefore, are not cognizable under the federal habeas corpus statutes, and should have been brought in a civil rights action.  *See Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to

invoke other sentence-shortening procedures, must petition for a writ of habeas corpus. . . . Prisoners who raise constitutional challenges to other prison decisions -- including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.*[,] conditions of confinement[ --] must proceed under Section 1983 or *Bivens*.") (internal citation omitted), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001); *see also Ortiz v. Scibana*, No. CIV-06-834-M, 2006 WL 3096689, *1 (W.D. Okla. Oct. 31, 2006) (unpublished) ("A claim brought pursuant to 28 U.S.C. § 2241 is cognizable if it attacks the execution of a prisoner's sentence as it affects the fact or duration of the prisoner's confinement.") (citing *Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004)).

Having found that Petitioner's claims should have been brought in a civil rights action instead of a § 2241 proceeding, the Court must now consider whether it would be appropriate to construe Petitioner's claims as civil rights claims, or if the Court should dismiss the claims without prejudice.  First, the Court notes that Petitioner's request for the Court to dismiss his claims without prejudice was improperly brought in a response to a motion.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); and District of New Mexico Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought.").  Nevertheless, the Court finds that dismissal of Petitioner's claims without prejudice would be proper for several reasons.

First, Respondent Lopez has provided no support for the Court's authority to construe Petitioner's § 2241 claims as civil rights claims, and the Court has not found any support for doing

so for a party represented by counsel.  Instead, the Court has found support for dismissing § 1983 claims without prejudice that are brought in a habeas petition.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1038 (10th Cir. 2012) (reversing district court for considering habeas claims that should have been presented as civil rights claims because the district court did not have jurisdiction to consider the habeas claims);[2] *Trujillo v. Janecka*, No. 07-2116, 2009 WL 239763, *1-2 (10th Cir. Feb. 3, 2009) (unpublished) (upholding district court's decision to dismiss without prejudice petitioner's civil rights claims raised in his habeas petition to allow them to be re-filed under § 1983, and to consider the cognizable habeas claims on their merits); *Abdulhaseeb v. Ward*, No. 05-6054, 173 Fed. Appx. 658, 660-61, 2006 WL 766808 (10th Cir. March 27, 2006) (unpublished) (habeas counts that relate to the conditions of the petitioner's confinement, rather than the fact or length of his confinement, are improperly brought under § 2241 and should be brought under § 1983, and, therefore, district court properly dismissed these claims without prejudice); *Farris v. Poppell*, No. 00-6034, 221 F.3d 1351, 2000 WL 990678, at *1-2 (10th Cir. July 19, 2000) (unpublished) (the district court properly dismissed the petitioner's claims regarding conditions of confinement without prejudice to the filing of a § 1983 action); *see also Otey v. Hopkins*, 5 F.3d 1125, 1131-32 (8th Cir. 1993) (finding that the court lacked jurisdiction over habeas petition because claims should have been presented under § 1983).

Second, even if the Court does have authority to construe Petitioner's claims as civil rights claims, Petitioner did not plead his claims as civil rights claims, and it is not clear whether he has

---

[2]The Tenth Circuit went on to state that "this Court has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it and the parties are prepared to concede it."  *Id.* at 1038, n.3 (citation omitted).

sued the proper parties for a civil rights proceeding.  *See Sanaah v. Howell*, No. 10-1000, 384 Fed. Appx. 737, 740, 2010 WL 2543149 (10th Cir. June 25, 2010) (unpublished) (explaining that, to succeed on a complaint brought pursuant to 42 U.S.C. § 1983, a plaintiff must allege personal involvement by the defendant in the constitutional violation, and, to establish a supervisor's liability under § 1983, a plaintiff must show "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise") (citations and internal quotation marks omitted).  Petitioner makes no allegations regarding either Respondent Lopez' or Respondent Candelaria's personal involvement, exercise of control or direction, or failure to supervise, regarding the disciplinary process of which Petitioner complains.  Therefore, without knowing whether the proper parties are present in this case, and whether Petitioner's claims would change if they were pled as civil rights claims, the Court finds that it would be improper to consider Petitioner's claims as currently presented as if they were civil rights claims.

Finally, the Court finds that dismissal of the complaint without prejudice best serves the interests of fairness.  Petitioner's entire response to Respondent Lopez' motion to dismiss consists of a request for the Court to dismiss the petition without prejudice, and does not address the portion of the motion to dismiss seeking dismissal of the claims on the merits.   In addition, Respondent Lopez does not contend that dismissal of the petition without prejudice would prejudice him in any way.  Presumably, if Respondent Lopez is named in a new § 1983 civil rights action, he can raise again the same arguments raised here in support of dismissal of those claims.  Moreover, the Court notes that Respondent Lopez asked the Court to dismiss Petitioner's claims because they

9

were improperly brought in a habeas petition instead of a civil rights complaint.  *See* [*Doc. 13* at 2]

and [*Doc. 18* at 12-16] (Respondent Lopez' answer to the petition and motion to dismiss, both

asking the Court to dismiss Petitioner's claims because Petitioner failed to show an injury that is

cognizable in a § 2241 proceeding).  Therefore, the Court finds that it would be unfair to Petitioner

if the Court were to construe his petition as a civil rights complaint and proceed to consider the

claims on the merits at this stage, especially when dismissal of the petition without prejudice does

not harm Respondents.

*Conclusion*

For the reasons stated above, the Court recommends that Respondent ***Warden James Lopez's***

***Motion to Dismiss*** **Petition for Writ of Habeas Corpus** *or, in the Alternative, to Drop Warden*

*James Lopez as a Party (Doc. 17)* be **GRANTED**; Petitioner's ***Petition for Writ of Habeas Corpus***

*(Doc. 1)* be **DENIED without prejudice**; and that this case be **DISMISSED without prejudice**.

The Court need not decide whether Respondent Candelaria or Respondent Lopez are proper parties

to this habeas action because the Court recommends dismissal of the petition.


*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

10
